UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.   CASE NO. 8:24-cr-330-VMC-CPT

JORDAN GUY MACDONALD GOUDREAU and
YACSY ALEXANDRA ALVAREZ MIRABAL

### GOVERNMENT'S UNOPPOSED MOTION FOR PROTECTIVE ORDER REGARDING DISCOVERY

The United States of America, by the undersigned attorneys, pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure and 28 U.S.C. § 1651, moves for the entry of an order prohibiting the unauthorized disclosure of discovery material and information contained therein to nonlitigants and establishing safeguards to ensure compliance. The purpose of this protective order is to protect the privacy interests of the defendants, witnesses, and other third parties. In support of this motion, the government states as follows:

1. Defendants Jordan Guy MacDonald Goudreau and Yacsy Alexandra Alvarez Mirabal are charged in this case in a 14-count indictment with conspiring to export, and exporting, various firearms and other military equipment from the United States to Colombia, without obtaining the required export licenses, to carry out an armed incursion into Venezuela to remove President Nicolas Maduro from power.

2. Pursuant to Rule 16 and the Court's pretrial discovery orders (Docs. 18 and 52), the government has made approximately eight discovery productions to the defense on a rolling basis since August 2024. Those productions include, among other things, statements that the Defendants made to law enforcement during the timeframe charged in the Indictment; the Defendants' travel and financial records; license and firearm determinations for the charged items; purchase records and invoices; text messages; records from the Colombian National Police; and 10 terabytes of search warrant returns.

3. Additionally, the government produced reports from interviews with several individuals, some of whom are mentioned in the Defendants' public authority notice, that were interviewed pre-indictment based on Goudreau's public statements that the failed incursion was authorized by individuals working for or with the U.S. Government. The government also produced grand jury transcripts of civilian witnesses.

4. On February 4, 2025, the Defendants filed a reply to the government's response to the notice of public authority defense, to which the Defendants attached a copy of an FBI 302 (report of interview) for a third party. Doc. 124-1. Although the third party's personally identifiable information is redacted, the 24-page report contains sensitive information about the conspiracy to remove President Maduro that the third party provided as part of their cooperation.

5.   In connection with the February 20, 2025 hearing on the Defendants' motion to compel, the government anticipates producing any discoverable information received from at least one government agency, which may comprise email communications among non-law enforcement individuals.

6.   Because of the nature of this prosecution, including that the underlying investigation yielded information relating to a plot to remove a hostile foreign leader—who remains in power today—the government believes that that a limited protective order from this Court is necessary to protect potential witnesses. The protective order, which would apply prospectively to any filings subsequent to the date of the order, would contain the following provisions (when the term "defendants" is used, said term encompasses attorneys for the defendants):

   A. The following materials provided as discovery which were or will be produced by the government in preparation for or in connection with any stage of the proceedings in this case ("discovery materials") are hereby designated as "SENSITIVE" and remain the property of the United States: investigators or agency reports that identify witnesses; grand jury transcripts; witness statements; memoranda of interview; electronic communications between or among third parties only.  All such materials and all copies made thereof shall be returned to the United States Attorney's Office unless otherwise ordered by the Court or agreed upon by the parties, at the occurrence of the last of the following:

- the completion of all appeals, habeas corpus proceedings, clemency or pardon proceedings, or other post-conviction proceedings;
- the conclusion of the sentencing hearing; or
- the earlier resolution of charges against the defendants.

B.  SENSITIVE discovery materials provided by the United States may be utilized by the defendants solely in connection with the defense of this case and for no other purpose and in connection with no other proceeding. If they are to be filed on the Court docket, all identifying information must be redacted or they must be filed under seal.

C.  Upon written request to the United States by the defendant(s), at or before the time of such return, all specified materials returned shall be segregated and preserved by the United States in connection with any further proceedings related to this case which are specified in such request until such proceedings are concluded.

D.  SENSITIVE discovery materials and their contents, and any notes or other record of such materials or their contents, shall not be disclosed either directly or indirectly to any person or entity other than the defendants, persons employed to assist in the defense or prosecution of this matter, as necessary for preparation or investigation of the defense of this case, or such

other persons as to whom the Court may expressly authorize disclosure upon proper motion.

  E. SENSITIVE discovery materials shall not be copied or reproduced except as necessary to provide copies of the material for use by an authorized person as described above to prepare and assist in the defense or prosecution of this matter, and all such copies and reproductions shall be treated in the same manner as the original materials. Many documents contained in the SENSITIVE discovery materials include information of private individuals other than the defendants, and are made available to the defendants only as a result of the above strict guidelines.

  F. Before any such disclosure to the defendant, the defendant's counsel shall personally inform their respective client of the provisions of this order and direct the defendant not to disclose any information contained in the discovery material in violation of this order, and shall inform the defendant that any unauthorized disclosure may be punished as contempt of court.

  G. Each defendant shall be responsible for controlling and accounting for all such material, copies, notes, and other records described above, and shall be responsible for assuring full compliance by himself and any person assisting in his defense with this order.

  7. The provisions above are not meant to limit information provided in discovery from being used in pretrial proceedings, investigations, motions and briefs,

trial, and other proceedings in this litigation, unless the discovery information is protected by another order or law. However, prior to its use as evidence at a motion hearing or at the trial of this cause, any SENSITIVE discovery material regarding another individual, which is necessary to be filed with the Court, shall be filed with the Court under seal, or with all identifying information of witnesses redacted. The parties shall otherwise comply with Federal Rules of Criminal Procedure 49.1 with respect to the public filing or use of any SENSITIVE discovery material containing personally identifiable or sensitive information.

8.  The United States has consulted with counsel for defendants, who do not oppose the relief sought in this motion.

WHEREFORE, in the best interests of the administration of justice and because of the importance of protecting potential witnesses and others, it is requested that a protective order as described above be entered in this case.

Respectfully submitted,

| | |
|---|---|
| GREGORY W. KEHOE<br>United States Attorney | By: */s/ Risha Asokan*<br>RISHA ASOKAN<br>DANIEL J. MARCET<br>Assistant United States Attorneys<br>Florida Bar No. 1003398<br>400 North Tampa Street, Suite 3200<br>Tampa, Florida 33602<br>(813) 274-6000 \| risha.asokan2@usdoj.gov |
| JENNIFER K. GELLIE<br>CHIEF, Counterintelligence<br>and Export Control Section | By: */s/ Menno Goedman*<br>Menno Goedman<br>Trial Attorney<br>National Security Division<br>U.S. Department of Justice<br>950 Pennsylvania Ave. NW<br>Washington, DC 20530<br>(202) 451-7626 \| Menno.Goedman@usdoj.gov |

U.S. v. Goudreau, et al.                    Case No. 8:24-cr-330-VMC-CPT

## CERTIFICATE OF SERVICE

I hereby certify that on June 23, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record.

                                        */s/ Risha Asokan*
                                        Risha Asokan
                                        Assistant United States Attorney
                                        Florida Bar No. 1003398
                                        400 N. Tampa Street, Suite 3200
                                        Tampa, Florida 33602-4798
                                        Telephone: (813) 274-6000
                                        Facsimile: (813) 274-6358
                                        E-mail: risha.asokan2@usdoj.gov