UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v. Case No. 8:24-cr-330-VMC-CPT

YACSY ALEXANDRA ALVAREZ MIRABAL

______________________________/

**ORDER**

This matter comes before the Court pursuant to Defendant Yacsy Alexandra Alvarez Mirabal's Motion to Reconsider or Modify the Court's Order on the Government's Motion in Limine (Doc. # 338), filed on November 4, 2026. The Government responded on November 19, 2026. (Doc. # 346). For the reasons that follow, the Motion is denied.

## I. Legal Standard

"Although the Federal Rules of Criminal Procedure do not specifically authorize motions for reconsideration, both the Supreme Court and [the Eleventh Circuit] have permitted parties to file such motions in criminal cases." Serrano v. United States, 411 F. App'x 253, 255 (11th Cir. 2011) (citing United States v. Phillips, 597 F.3d 1190, 1199-1200 (11th Cir. 2010)). "In adjudicating motions for reconsideration in criminal cases, district courts have relied on the standards applicable to motions for reconsideration filed in civil

cases." United States v. Brown, No. 3:18-cr-89-MMH-JRK, 2019 WL 7067091, at *1 (M.D. Fla. Dec. 23, 2019) (citing Fed. R. Civ. P. 59). Thus, this Court recognizes three grounds to justify reconsideration of a prior order: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." Health & Sun Rsch., Inc. v. Australian Gold, LLC, No. 8:12-cv-2319-VMC-MAP, 2013 WL 6768221, at *1 (M.D. Fla. Dec. 19, 2013) (quoting Fla. Coll. of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc., 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998)).

"[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." United States v. DeRochemont, No. 8:10-cr-287-SCB-MAP, 2012 WL 13510, at *2 (M.D. Fla. Jan. 4, 2012) (citation omitted). "A motion for reconsideration cannot be used 'to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment.'" Richardson v. Johnson, 598 F.3d 734, 740 (11th Cir. 2010) (citation omitted); see also Health & Sun Rsch., Inc., 2013 WL 6768221, at *1 ("[T]his Court will not reconsider its judgment when the motion for reconsideration

fails to raise new issues but, instead, relitigates that which the Court previously found lacking" (citation omitted)). Rather, a motion for reconsideration must "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Fla. Coll. of Osteopathic Med., Inc., 12 F. Supp. 2d at 1308 (citation omitted).

## II. Discussion

On October 21, 2026, the Court entered an Order granting the United States of America's Motion in Limine to Preclude Public Authority and Entrapment-by-Estoppel Defenses. (Doc. # 330). Therein, the Court precluded Ms. Alvarez from asserting the entrapment-by-estoppel defense at trial because she failed to demonstrate reasonable reliance "on the assurance of a government official" that her alleged criminal conduct would not violate the law. (Id. at 12-16) (quoting United States v. Alvarado, 808 F.3d 474, 484-85 (11th Cir. 2015)). Ms. Alvarez now requests that the Court's order be reconsidered or modified, so to "allow the defense at trial to present evidence in support of" an entrapment-by-estoppel defense. (Doc. # 338 at 13). However, she has not "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Fla. Coll. of

Osteopathic Med., Inc., 12 F. Supp. 2d at 1308 (citation omitted).

In her Motion, Ms. Alvarez identifies neither "an intervening change in controlling law," nor an "availability of new evidence," that justifies the relief sought. Health & Sun Rsch., Inc., 2013 WL 6768221, at *1 (quoting Fla. Coll. of Osteopathic Med., Inc., 12 F. Supp. 2d at 1308). To the contrary, Ms. Alvarez reiterates arguments, concerning the "apparent authority" exercised by Keith Schiller and others, which the Court already rejected, and recites factual allegations that the Court already found immaterial. (Doc. # 338 at 5-10) (citing Doc. # 303). In so doing, she impermissibly "relitigates that which the Court previously found lacking." Health & Sun Rsch., Inc., 2013 WL 6768221, at *1 (citation omitted).

To the extent Ms. Alvarez seeks to "correct the apparent misapprehension of several material facts . . . concerning the role of Keith Schiller and several others" (Doc. # 338 at 1), this too is uncompelling. As the Court previously indicated, "Ms. Alvarez cannot reasonably argue that, in relying on Mr. Schiller's purported assurances, she believed she 'relied upon a statement by an official or agent of the federal government.'" (Doc. # 330 at 14-15) (quoting United

States v. Robinson, 180 F. App'x 92, 93 (11th Cir. 2006) (citation omitted)); see also (Id. at 15) ("For much the same reason, she cannot rely on assertions made by [codefendant Jordan Guy Macdonald Goudreau] alone."). Nor can she rely on the statements of individuals, including Mr. Schiller, "who communicated only with Mr. Goudreau," because such statements needed to "be made directly to [Ms. Alvarez], not to others," to "trigger an entrapment-by-estoppel defense." (Id.) (quoting United States v. Eaton, 179 F.3d 1328, 1332 (11th Cir. 1999)).

The Motion does not establish any grounds warranting reconsideration of the Court's prior order precluding Ms. Alvarez from asserting the entrapment-by-estoppel defense.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Yacsy Alexandra Alvarez Mirabal's Motion to Reconsider or Modify the Court's Order on the Government's Motion in Limine (Doc. # 338) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 24th day of November, 2026.

Virginia M. Hernandez Covington

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE